[Cite as *State v. Spencer*, 2014-Ohio-5430.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 101131**

---

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**RANDY SPENCER**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
REVERSED AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-10-534892-A

**BEFORE:** S. Gallagher, J., Jones, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** December 11, 2014

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender
By: Erika B. Cunliffe
Assistant Public Defender
Courthouse Square, Suite 200
310 Lakeside Avenue
Cleveland, Ohio    44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Justine Dionisopoulos
Assistant Prosecuting Attorney
Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio    44113

SEAN C. GALLAGHER, J.:

**{¶1}** Randy Spencer once again appeals the trial court's ordering him to consecutively serve three, one-year terms of imprisonment for five counts of criminal nonsupport. Finding merit to Spencer's appeal, we reverse the decision of the trial court and remand for further proceedings.

**{¶2}** This is Spencer's second time advancing arguments challenging the imposition of consecutive sentences in his case. In *State v. Spencer*, 8th Dist. Cuyahoga No. 99729, 2014-Ohio-204, a panel of this court reversed the trial court's imposition of consecutive service because the trial court failed to make the R.C. 2929.14(C)(4) findings. In that case,

> Spencer, acknowledging that he owed the mother of his children $46,784.38 in unpaid child support, pleaded guilty to five, fifth-degree felony counts of criminal nonsupport under R.C. 2919.21(B). The court sentenced Spencer to 12 months on each count and, finding the case to be "one of the worst examples of criminal nonsupport," ordered that he serve the sentences consecutively. The sole assignment of error [was] that the consecutive sentences were contrary to law because the court failed to make the findings required by R.C. 2929.14(C)(4). The state concede[d] error.

*Id.* at ¶ 1. Spencer was indicted on six counts of criminal nonsupport, three counts for each of his two children and each count representing a two-year period between 2002 and 2008. The state nolled Count 1 pursuant to a plea deal. Spencer's children were all emancipated by the time the indictment was filed. The trial court originally sentenced Spencer to a five-year aggregate prison sentence through consecutive service of his one-year sentences on the five counts. In that case, we found the trial court failed to make any findings with regard to consecutive sentences, and on remand, the trial court held a second sentencing hearing.

{¶3} This time, the trial court made the express statutory findings prior to imposing consecutive sentences. The trial court, at the hearing, sentenced Spencer to three violations of criminal nonsupport, to be served consecutively. In the final sentencing entry, however, the trial court imposed one-year terms of imprisonment for each of the five counts, but only imposed a three-year aggregate term of imprisonment by ordering consecutive service of three of the five counts. The remaining two counts are presumed to be served concurrently, and his sentence for those two counts are not the subject of this appeal.

{¶4} Spencer timely appealed the consecutive service of the three one-year sentences, advancing a single assignment of error in which he claims that the trial court's findings are not supported by the record. We agree. We find that the record does not support the findings made by the trial court.

{¶5} R.C. 2929.14(C)(4) requires the court to enter findings before imposing consecutive sentences. *State v. Bonnell*, 140 Ohio St.3d 309, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29. Those findings, discernible from reviewing the trial court's statements, as made pertinent to the specifics of this case, are (1) that a consecutive sentence is necessary to protect the public from future crime or to punish the offender, (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) that the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. *Id.*

{¶6} An appellate court cannot statutorily overturn consecutively imposed sentences, pursuant to the scheme provided in R.C. 2929.14(C)(4), unless the trial court failed to make the required findings or the defendant demonstrates that the findings are not clearly or convincingly supported by the record. R.C. 2953.08(G)(2) expressly provides that "[t]he appellate court's

standard for review is not whether the sentencing court abused its discretion." Further, courts must review the entire record to determine whether "the record does not support the sentencing court's findings." R.C. 2953.08(G)(2). The record incorporates more than just the sentencing transcript.

{¶7} We find that Spencer demonstrated that the findings are not clearly and convincingly supported by the record; the record does not support the finding that consecutive sentences are not disproportionate to the danger Spencer poses to the public. We are also troubled with the trial court's on-the-record recitation of the facts.

{¶8} There is no evidence that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. There is no question that the arrearage Spencer owes is substantial, and we by no means intend to trivialize his disregard for his support obligations now owed to the mother of his children as restitution. Nevertheless, there is no evidence in the record to substantiate the finding that consecutive sentences are not disproportionate to the seriousness of his conduct *and* the danger the offender poses to the public. That finding is expressed as a conjunctive phrase, requiring the trial court to consider the proportionality of the sentence compared to the danger the offender poses to the public. The trial court only found that consecutive service was not disproportionate to the seriousness of the offender's conduct. We note that the trial court referenced Spencer's criminal history as grounds to support the finding that consecutive service of his sentences is not disproportionate to the danger the offender poses to the public. *Bonnell*, 140 Ohio St.3d 309, 2014-Ohio-3177, 16 N.E.3d 659.

{¶9} At that hearing, the trial court found that Spencer violated probation "every time" a court imposed the sanction and failed to make any effort to make payments toward the arrearage,

noting Spencer's continued disrespect for the law. None of those facts supports the finding that consecutive sentences are not disproportionate to the danger the offender poses to the public. All criminals disrespect the law; that is not unique to Spencer, but Spencer's current crimes did not pose a danger to the public. There are sound policy reasons for the criminal nonsupport statute, but protecting the public from danger is not one of them. In this unique case, Spencer's criminal history is necessary to the finding that Spencer poses a danger to the public.

{¶10} Spencer does not have a lengthy criminal history. He was convicted of two felonies in 1990: receiving stolen property and attempted grand theft auto; and six misdemeanor violations between 1997 and 2002: an open container, three operating a vehicle while intoxicated, a possession of drug paraphernalia, and a child endangering charge. We are troubled, however, by the court's claim that Spencer violated probation on multiple occasions, the court's inaccurate references to the presentence investigation report ("PSI"), and sentencing Spencer on three counts at the sentencing hearing, but increasing that to five in the sentencing entry.

{¶11} The facts contained in the record demonstrate unequivocally that Spencer violated probation once, and that matter was continued for the two active cases in which probation was imposed. He failed to pay court costs in three of the misdemeanor cases and served time in the workhouse to satisfy the debt, but none of those cases involved probation violations. Further, the breaking and entering charge cited by the trial court as a conviction in 1990 was apparently dismissed in lieu of the guilty plea to attempted grand theft auto. It is not entirely clear whether the references to the breaking and entering were for another crime not listed in the PSI or were improvident references to the attempted grand theft auto conviction resulting from the same case never discussed. According to the record, Spencer was never convicted of breaking and

entering. And finally, the sentencing hearing transcript reflects that the trial court only sentenced Spencer to three violations of criminal nonsupport, and that error was unilaterally corrected in the sentencing entry, although the trial court only imposed consecutive service on three of the five counts.

{¶12} In light of the fact that Spencer's criminal history is limited to two 24-year-old felony convictions and the 12-year-old, or older, misdemeanor convictions, we cannot say that the record demonstrates the need to impose consecutive sentences to protect the public from future crimes by Spencer. Further, Spencer has no other children, so there is no current danger that he will have any more criminal nonsupport charges brought against him in the future. In the same vein, nothing in the record supports the court's finding that consecutive sentences are not disproportionate to the danger Spencer poses to the public. There is simply no evidence in the record demonstrating that Spencer poses a danger to society.

{¶13} Accordingly, we reverse the decision of the trial court imposing consecutive sentences, vacate Spencer's conviction, and remand for the purpose of imposing Spencer's sentences to be served concurrently.

It is ordered that appellant recover from appellee costs herein taxed. The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

LARRY A. JONES, SR., P.J., CONCURS (WITH SEPARATE
CONCURRING OPINION);
TIM McCORMACK, J., CONCURS WITH THE MAJORITY
AND CONCURS WITH THE SEPARATE CONCURRING OPINION


LARRY A. JONES, SR., P.J., CONCURRING:

{¶14} I concur with the majority opinion. I write separately to emphasize my belief that this is such a case where the record does not support the trial court's findings for the imposition of consecutive sentences.

{¶15} When the felony sentencing statutes were revised by H.B. 86, which took effect on September 30, 2011, the legislature revived the presumption that "a sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States." R.C. 2929.41(A); *see also State v. Wells*, 8th Dist. Cuyahoga No. 98428, 2013-Ohio-1179, ¶ 11. The imposition of consecutive sentences under R.C. 2929.14(C) is the most common exception to the presumption of concurrent sentences.[1]

{¶16} In reviewing a felony sentence, R.C. 2953.08(G)(2) provides:

The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court

---

[1]Other exceptions are set forth in R.C. 2929.41.

may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

*See also State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 28.

{¶17} The vast majority of our review of felony consecutive sentence cases involve whether the required findings were made. But as the above-stated demonstrates, our review is not so limited, and we are permitted, as we have done here, to order that a sentence be modified if we find that it is not supported by the record.

{¶18} In addition to finding the trial court's recitation of the facts "troubling," I would note that, under R.C. 2919.21(G)(1)(a), which governs sentencing for felony nonsupport, the trial court is required to "first consider placing the offender on one or more community control sanctions under section 2929.16, 2929.17, or 2929.18 of the Revised Code, with an emphasis under the sanctions on intervention for nonsupport, obtaining or maintaining employment, or another related condition."

{¶19} In light of the above, it appears to me that the sentencing guidelines are aimed, at least in part, at securing restitution in nonsupport cases. At sentencing, Spencer recognized that he owed the debt and stated that it was his intention to repay it. He asked the court to consider sentencing him to either community control sanctions or the minimum sentence with credit for time served so that he would be able to work and pay off the debt.

{¶20} Under the circumstances of this case, I concur that the record does not support the imposition of consecutive sentences and that under the authority of R.C. 2953.08(G)(2)(a), we should order modification of the sentence.