SEAN C. GALLAGHER, J.:
 

 {¶ 1} Douglas Roberts, also known as Franklin Jenkins, appeals the imposition of consecutive sentences following a limited remand in
 
 State v. Jenkins
 
 , 8th Dist. Cuyahoga No. 101899,
 
 2015-Ohio-2762
 
 ,
 
 2015 WL 4133152
 
 . Roberts claims that the record does not support the R.C. 2929.14(C)(4) finding that consecutive service of his multiple sentences is proportionate to the seriousness of the offender's conduct and the danger the offender poses to the public. The parties also agree that there is a typographical error in the final sentencing entry. We affirm the conviction but remand for the limited purpose of issuing a nunc pro tunc entry to correct the clerical error.
 

 {¶ 2} In
 
 Jenkins
 
 , the imposition of consecutive sentences, culminating in the aggregate prison term of 18 years and 11 months, was reversed under the authority of
 
 State v. Bonnell
 
 ,
 
 140 Ohio St.3d 209
 
 ,
 
 2014-Ohio-3177
 
 ,
 
 16 N.E.3d 659
 
 , because the trial court had not made the second finding under R.C. 2929.14(C)(4) -that the consecutive sentences would not be "disproportionate to the seriousness of the offender's conduct and the danger the offender poses to the public." Upon remand, the trial court made the omitted finding and reimposed the original, aggregate term.
 

 {¶ 3} Roberts appeals once again, and accordingly, we adopt the facts as stated from
 
 Jenkins
 
 :
 

 The sentence resulted after [Roberts's] guilty pleas in five separate cases, and included consecutive terms.
 

 In the first case, Cuyahoga C.P. No. CR-[12]-561797-A, [Roberts] pled to robbery. He was originally sentenced to community control sanctions and ordered
 to participate in a community-based treatment program. The trial court informed him that he would be sentenced to a four-year prison term if he violated his community control sanctions.
 

 [Roberts's] second case was Cuyahoga C.P. No. CR-[13]-578409-A, in which he pled to breaking and entering. The trial court sentenced him to an 11-month prison term, but suspended the sentence so that he could continue to participate in the treatment program. The court continued his community control sanctions for 18 months, to run consecutive to the first case.
 

 Several months later, [Roberts] entered guilty pleas in three other separate cases. In Cuyahoga C.P. No. CR-14-584010-A, he pled to escape; in Cuyahoga C.P. No. CR-14-586073-A, he pled to two counts of burglary; and in Cuyahoga C.P. No. CR-14-584791-A, he pled to burglary with a notice of prior conviction specification.
 

 In August 2014, the trial court held a sentencing hearing. The court terminated [Roberts's] community control sanctions in Case Nos. CR-[12]-561797-A and CR-[13]-578409-A, and sentenced him to four years and 11 months, respectively, on those cases. In Case No. CR-14-584010-A, [Roberts] was sentenced to six months; in Case No. CR-14-586073-A, he was sentenced to seven years on each of the two burglary counts, to be served concurrent to each other; and in Case No. CR-14-584791-A, he was sentenced to seven years. With the exception of the six-month sentence in Case No. CR-14-584010-A and the concurrent terms on the two burglary charges in Case No. CR-14-586073-A, the trial court ordered all the other terms to be served consecutively, for an aggregate sentence of 18 years and 11 months.
 

 Jenkins
 
 at ¶ 2-6. Thus, the 18-year, 11-month aggregate prison sentence was not the maximum aggregate term at the trial court's disposal.
 

 {¶ 4} In his second, third, and fourth assignments of error, Roberts challenges the validity of the underlying sentences, claiming (1) the prior conviction specification was contrary to law because the trial court did not rule on or reference the qualifying conviction at the resentencing hearing; (2) the trial court erred in imposing costs in the resentencing entry although the costs were properly imposed in the original sentencing; and (3) the trial court erred in ordering restitution in the resentencing hearing without first establishing the amounts due through evidence introduced at the resentencing hearing.
 

 {¶ 5} We cannot address those three assigned errors, all of which challenge aspects of the underlying sentence that were not part of the limited remand.
 
 Jenkins,
 
 8th Dist. Cuyahoga No. 101899,
 
 2015-Ohio-2762
 
 ,
 
 2015 WL 4133152
 
 , at ¶ 12. "It is well recognized that the doctrine of res judicata bars claims that were raised or could have been raised on direct appeal."
 
 State v. Fountain
 
 , 8th Dist. Cuyahoga Nos. 92772 and 92874,
 
 2010-Ohio-1202
 
 ,
 
 2010 WL 1110568
 
 , ¶ 9, citing
 
 State v. Davis
 
 ,
 
 119 Ohio St.3d 422
 
 ,
 
 2008-Ohio-4608
 
 ,
 
 894 N.E.2d 1221
 
 . The trial court was without authority to address anything but the consecutive sentencing findings.
 
 State v. Ferrell
 
 , 8th Dist. Cuyahoga No. 100659,
 
 2014-Ohio-4377
 
 ,
 
 2014 WL 4924034
 
 , ¶ 47 ;
 
 State v. Nia
 
 ,
 
 2014-Ohio-2527
 
 ,
 
 15 N.E.3d 892
 
 , ¶ 22 (8th Dist.) ("the trial court is limited on remand to only the question raised regarding the required findings pursuant to R.C. 2929.14(C)(4) to justify consecutive sentences").
 
 Jenkins
 
 remanded the matter solely for "the trial court to consider whether consecutive sentences
 are appropriate under R.C. 2929.14(C)(4), and, if so, to make the required findings on the record."
 
 Jenkins
 
 at ¶ 12, citing
 
 Nia
 
 at ¶ 22 ;
 
 State v. Frost
 
 , 8th Dist. Cuyahoga No. 100498,
 
 2014-Ohio-2645
 
 ,
 
 2014 WL 2769118
 
 , ¶ 10 ;
 
 State v. Dennison
 
 , 10th Dist. Franklin No. 15AP-592,
 
 2016-Ohio-8361
 
 ,
 
 2016 WL 7427501
 
 , ¶ 67.
 

 {¶ 6} Having said that, the parties agree that there appears to be a typographical error in the final sentencing entry in Cuyahoga C.P. No. CR-14-586073-A. The trial court imposed restitution in the amount of $10,280.60 payable to one of the victims. The state and Roberts believe that amount should have been $1,028.60 as established at the original sentencing hearing. A trial court retains continuing jurisdiction to correct clerical errors in a judgment by nunc pro tunc entry to reflect that which actually was decided.
 
 State ex rel. Womack v. Marsh
 
 ,
 
 128 Ohio St.3d 303
 
 ,
 
 2011-Ohio-229
 
 ,
 
 943 N.E.2d 1010
 
 , ¶ 13, citing
 
 State ex rel. Cruzado v. Zaleski
 
 ,
 
 111 Ohio St.3d 353
 
 ,
 
 2006-Ohio-5795
 
 ,
 
 856 N.E.2d 263
 
 , ¶ 18-19, and Crim.R. 36 ("[c]lerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time"). Although Roberts failed to address this issue in
 
 Jenkins,
 
 in light of the state's concession, we remand for the limited purpose of issuing a nunc pro tunc sentencing entry to correct the restitution amount to reflect the restitution demonstrated at the original sentencing hearing.
 
 See
 

 State v. McGee
 
 , 8th Dist. Cuyahoga No. 104566,
 
 2017-Ohio-1363
 
 ,
 
 2017 WL 1365436
 
 , ¶ 10.
 

 {¶ 7} In his first assignment of error, Roberts claims that the consecutive sentencing findings are not supported by the record. R.C. 2929.14(C)(4) authorizes the trial court to order consecutive sentences if, as is pertinent to this case, consecutive service (1) is necessary to protect the public from future crime or to punish the offender; (2) is not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and additionally, (3) if the offender committed the offense while awaiting trial or sentencing, under community control monitoring, or under postrelease control for a prior offense.
 
 State v. Jones
 
 , 8th Dist. Cuyahoga No. 104152,
 
 2016-Ohio-8145
 
 ,
 
 2016 WL 7295653
 
 , ¶ 5, citing
 
 State v. Smeznik
 
 , 8th Dist. Cuyahoga Nos. 103196 and 103197,
 
 2016-Ohio-709
 
 ,
 
 2016 WL 764060
 
 , ¶ 6.
 

 {¶ 8} The trial court made all the required findings, and Roberts is not challenging that aspect of his sentences. Instead, Roberts claims that the record does not support the second finding, that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public because the trial court referred to his criminal history collectively as eight "aggravated burglaries." Further, Roberts claims that the trial court was required to find that the harm caused by the offenses was so great or unusual that no single prison term adequately reflected the seriousness of the offender's conduct under R.C. 2929.14(C)(4)(b).
 

 {¶ 9} In this case, Roberts contends that the consecutive sentences were disproportionate to his conduct and the danger he poses to the public because the trial court could not conclude that the multiple offenses he committed while serving community control sanctions, were "so great and unusual that no single prison term for any of the offenses committed as part of any of the course of conduct adequately reflects the seriousness of the offender's conduct" under R.C. 2929.14(C)(4)(b). This conclusion, however, inappropriately combines the proportionality finding with another, independent finding, one that the trial
 court was not required to make in this particular case because it is undisputed that Roberts committed the new crimes while serving community control sanctions, under R.C. 2929.14(C)(4)(a). Only one of the subdivision (a)-(c) findings is necessary to support consecutive service of prison terms.
 

 {¶ 10} Further, the off-the-cuff generalization of Roberts's history of criminal conduct is a minor distinction that does not undermine the trial court's ultimate conclusion when the totality of the sentencing hearing is considered. If the court made the required findings in order to impose consecutive sentences, we must affirm those sentences unless we "clearly and convincingly" find that the record does not support the court's findings. R.C. 2953.08(G)(2) ;
 
 State v. Venes
 
 ,
 
 2013-Ohio-1891
 
 ,
 
 992 N.E.2d 453
 
 , ¶ 19 (8th Dist.). The statute is written in the negative; that is, an appellate court does not need to clearly and convincingly find that the record supports the findings in order to affirm, but instead must clearly and convincingly find that the record does not support the findings in order to reverse or modify a sentence.
 
 Venes
 
 ;
 
 State v. Higginbotham
 
 , 10th Dist. Franklin Nos. 17AP-147 and 17AP-150,
 
 2017-Ohio-7618
 
 ,
 
 2017 WL 4074584
 
 , ¶ 11, citing
 
 State v. Moore
 
 , 11th Dist. Geauga No. 2014-G-3183,
 
 2014-Ohio-5182
 
 ,
 
 2014 WL 6612377
 
 , ¶ 29, and
 
 State v. Hale
 
 , 5th Dist. Perry No. 14-CA-00014,
 
 2014-Ohio-5028
 
 ,
 
 2014 WL 5840193
 
 ;
 
 State v. Timpe
 
 , 12th Dist. Clermont No. CA2015-04-034,
 
 2015-Ohio-5033
 
 ,
 
 2015 WL 8151297
 
 , ¶ 9 ;
 
 State v. Thompson
 
 , 9th Dist. Wayne No. 15AP0016,
 
 2016-Ohio-4689
 
 ,
 
 2016 WL 3570469
 
 , ¶ 45 ;
 
 State v. Creech
 
 , 4th Dist. Scioto No. 16CA3730,
 
 2017-Ohio-6951
 
 ,
 
 2017 WL 3135881
 
 , ¶ 11 ;
 
 State v. Cochran
 
 , 2d Dist. Clark No. 2016-CA-33,
 
 2017-Ohio-217
 
 ,
 
 2017 WL 275876
 
 , ¶ 7. This is a deferential standard of appellate review.
 
 State v. Rahab
 
 ,
 
 150 Ohio St.3d 152
 
 ,
 
 2017-Ohio-1401
 
 ,
 
 80 N.E.3d 431
 
 , ¶ 10.
 

 {¶ 11} The record amply reflects that consecutive sentences are not disproportionate to Roberts's conduct or the danger he poses to the public. Roberts committed numerous burglaries, aggravated burglaries, robberies, receiving stolen property, and breaking and entering crimes against numerous victims over the span of his criminal career dating back to the mid-1980s. Most of that time was spent in prison. Tr. 10:21-24. To put this in perspective, at the end of 2004, Roberts pleaded guilty to burglary and was sentenced to two years in prison. In 2006, Roberts reoffended and almost a year later was sentenced to five years in prison for two burglaries. In 2012, Roberts pleaded guilty to robbery and was sentenced to community control. In 2013, Roberts pleaded guilty to breaking and entering and was sentenced to an additional term of community control. That led to the 2014 cases, which were the result of three more burglaries.
 

 {¶ 12} That the trial court, in an aside, generalized Roberts's past convictions as aggravated burglaries does not undermine the proportionality finding because the trial court was expressly looking at the past offenses as being in the "same genre of conduct" as the current offenses. The trial court was not focused on the aggravated nature of the crimes. The record supports the trial court's finding. More than ten of Roberts's convictions involved some form of burglary or theft offense. As the trial court explained to Roberts,
 

 You break into people's homes. You deprive them of their safety, deprive them of their goods, and you continue to engage in the same conduct despite the fact you've been down to prison before, despite the fact that I gave you the opportunity to address that behavior through community sanctions. I don't
 believe it's disproportionate given the fact that you now have-I think it's eight aggravated burglaries. You've got an escape. You know, there's no changing your behavior.
 

 In context, the trial court's generalization does not amount to the proportionality finding not being supported by the record. There must be more.
 
 See, e.g.,
 

 State v. Spencer
 
 , 8th Dist. Cuyahoga No. 101131,
 
 2014-Ohio-5430
 
 ,
 
 2014 WL 6983313
 
 , ¶ 12 (criminal nonsupport is not an inherently violent crime, and when that fact is coupled with several misstated facts recounting the offender's criminal history and the lack of any criminal behavior for 24 years, it was clearly and convincingly found that the record did not support the finding that consecutive sentences imposed for three counts of criminal nonsupport were not disproportionate to the danger the offender posed to the public).
 

 {¶ 13} In this case, we cannot conclude-much less by clear and convincing evidence find-that the record does not support the second finding that consecutive sentences are not disproportionate to Roberts's conduct and the danger he poses to the public. Roberts's history of criminal conduct demonstrates the need to prevent Roberts from harming the public through a lengthy incarceration. When Roberts is not incarcerated, he is burglarizing people's homes. The purpose of R.C. 2929.14(C)(4) is to prevent this type of career criminal from perpetuating a cycle of criminality upon the public. Moreover, R.C. 2929.12 provides that the sentencing court "has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code [,]" including the minimum sanction necessary to accomplish protecting the public from Roberts and others. In exercising that discretion, the trial court expressly considered the need to incapacitate Roberts as a serial burglar and the need to protect the public from being victimized by Roberts.
 

 {¶ 14} In a similar case, a panel from this court affirmed a longer aggregate sentence for an offender who committed a similar number of burglaries while serving community control sanctions.
 
 State v. Aniton
 
 , 8th Dist. Cuyahoga No. 102440,
 
 2015-Ohio-4080
 
 ,
 
 2015 WL 5781059
 
 , ¶ 4. Importantly,
 
 Aniton
 
 rejected the offender's argument that consecutive sentences should be reserved only for the worst offenders who commit offenses that actually injure the public.
 
 Id.
 
 at ¶ 15-16. The defendant had an extensive criminal history and one of drug dependency, but no violent offenses.
 
 Id.
 
 at ¶ 7-8. The victim of the home invasion, however, was traumatized and psychologically harmed.
 
 Id.
 
 at ¶ 16. The trial court expressed its disappointment in first granting leniency to the offender, who then committed several crimes while serving community control.
 
 Id.
 
 at ¶ 8. On these facts, it was easily concluded that not only did the defendant fail to demonstrate that the record did not support the findings with respect to his 21-year aggregate sentence, but that the trial court's consecutive sentence findings actually were "
 
 clearly and convincingly
 
 supported by the record." (Emphasis added.)
 
 Id.
 
 at ¶ 16.
 

 {¶ 15} Similar to
 
 Aniton
 
 , Roberts has an extensive history of criminal conduct, Roberts traumatized his victims as a result of the home invasions, and the trial court noted its failed attempt to rehabilitate Roberts by imposing community control sanctions on the earlier offenses. More importantly, Roberts could have received a longer aggregate sentence, but the trial court imposed a shorter, aggregate term than the one affirmed in
 
 Aniton
 
 . Accordingly, we cannot clearly and convincingly find that the aggregate sentence is disproportionate
 to Roberts's criminal conduct in general and the danger he poses to the public by continually burglarizing homes and robbing victims. Roberts's first assignment of error is overruled.
 

 {¶ 16} The dissent maintains that we should modify the consecutively imposed sentences to concurrent ones because the crimes committed were not inherently egregious or violent.
 
 [1]
 
 We must caution against this mind-set. Consecutive sentences are not imposed upon a consideration limited to the offender's conduct as it relates to the convictions. In fact, even within the individual sentencing structure, the trial court may look beyond the offender's conduct as it relates to the charged crimes.
 
 State v. Steele
 
 , 8th Dist. Cuyahoga No. 105085,
 
 2017-Ohio-7605
 
 ,
 
 2017 WL 4074616
 
 , ¶ 10.
 

 {¶ 17} For the purpose of consecutive sentencing review, this concept is more pronounced. "Conduct" under R.C. 2929.14(C)(4) is "understood 'to encompass more than just the facts supporting conviction on a particular offense.' "
 
 Dennison
 
 , 10th Dist. Franklin No. 15AP-592,
 
 2016-Ohio-8361
 
 ,
 
 2016 WL 7427501
 
 , at ¶ 61, quoting
 
 State v. Diaz
 
 , 8th Dist. Cuyahoga No. 102582,
 
 2015-Ohio-4382
 
 ,
 
 2015 WL 6393815
 
 , ¶ 9. The cumulative length of an offender's incarceration is "attributable to the
 
 number
 
 of offenses he committed." (Emphasis sic.)
 
 State v. Hairston
 
 ,
 
 118 Ohio St.3d 289
 
 ,
 
 2008-Ohio-2338
 
 ,
 
 888 N.E.2d 1073
 
 , ¶ 16. Thus, appellate courts must broadly review the entirety of the offender's criminal conduct in reviewing consecutive sentence findings.
 
 State v. Moore
 
 ,
 
 2014-Ohio-5135
 
 ,
 
 24 N.E.3d 1197
 
 , ¶ 33 (8th Dist.). Indeed, R.C. 2929.14(C)(4) provides in part that consecutive service may be imposed if the trial court finds "that consecutive sentences are not disproportionate to the seriousness of the
 
 offender's conduct
 
 and to the danger the offender poses to the public." (Emphasis added.)
 

 Id.
 

 "Had the legislature intended to limit appellate review to whether consecutive sentences are not disproportionate to the seriousness of the crime itself (as opposed to the offender's conduct and the danger the offender poses to the public) it could have done so."
 
 Moore
 
 .
 

 {¶ 18} Roberts was not sentenced to more than 18 years in prison for stealing a bottle of Pepsi or for any other trivialized characterization of his individual crimes. Roberts's sentences on each of the individual offenses were less than the maximum ones authorized by law for each offense. Some of those individual terms were imposed to be served consecutively, meaning
 the aggregate term was imposed based on the number of offenses committed and Roberts's history of criminal behavior. The fact that the newest crimes may have been less severe than the ones he committed in the past is not dispositive-it merely is a factor for consideration.
 
 See, e.g.,
 

 Spencer
 
 , 8th Dist. Cuyahoga No. 101131,
 
 2014-Ohio-5430
 
 ,
 
 2014 WL 6983313
 
 , at ¶ 12.
 

 {¶ 19} "Meaningful review" of a sentence does not mean an appellate court reverses every sentence it disagrees with; it means the appellate panel considers the arguments advanced as applied through the lens of the law. On that point, we defer to the trial court's discretion unless this court can clearly and convincingly find that the record does not support the consecutive sentencing findings. R.C. 2953.08(G)(2) ;
 
 Rahab
 
 ,
 
 150 Ohio St.3d 152
 
 ,
 
 2017-Ohio-1401
 
 ,
 
 80 N.E.3d 431
 
 , at ¶ 10, citing
 
 Wasman v. United States
 
 ,
 
 468 U.S. 559
 
 , 563-564,
 
 104 S.Ct. 3217
 
 ,
 
 82 L.Ed.2d 424
 
 (1984), and
 
 Williams v. New York
 
 ,
 
 337 U.S. 241
 
 , 247,
 
 69 S.Ct. 1079
 
 ,
 
 93 L.Ed. 1337
 
 (1949).
 

 {¶ 20} Within our standard of review under R.C. 2953.08(G), we must consider the trial court's discretion to sentence offenders. "[T]he sentencing statute [ R.C. 2953.08 ] and case law reflect this deference."
 
 Rahab
 
 at ¶ 10 ;
 
 Hairston
 
 ,
 
 118 Ohio St.3d 289
 
 ,
 
 2008-Ohio-2338
 
 ,
 
 888 N.E.2d 1073
 
 , at ¶ 16 ;
 
 State v. Marcum
 
 ,
 
 146 Ohio St.3d 516
 
 ,
 
 2016-Ohio-1002
 
 ,
 
 59 N.E.3d 1231
 
 . Under R.C. 2953.08(G), we can reverse a sentence only if we clearly and convincingly find that the record does not support the findings. The trial court made the required findings and concluded that a lengthy incarceration was necessary and proportionate based on Roberts's extensive history of criminal conduct, the harm he caused to the public, and his inability to refrain from reoffending upon release from prison or while serving community control sanctions-among other considerations. The record supports the findings under R.C. 2929.14(C)(4), and the conviction is, therefore, affirmed. We affirm the conviction but remand for the limited purpose of issuing a nunc pro tunc entry to correct the clerical error.
 

 TIM McCORMACK, P.J., CONCURS;
 

 MARY J. BOYLE, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE OPINION
 

 The dissent's approach to reviewing consecutive sentences exemplifies the need for a more defined appellate review process. Nothing distinguishes Roberts's sentence from that affirmed in
 
 Aniton
 
 . The dissent's review, however, somehow draws a distinction that Roberts is more deserving of leniency than the defendant in
 
 Aniton
 
 despite the similarities between the offenders, their conduct, and the trial court's conclusions. This instills inconsistency within sentencing. Until the legislature or the Supreme Court of Ohio steps in with a more definitive review process that ensures consistency, we should continue to adhere to the unambiguous language of R.C. 2953.08(G). As the dissent notes, although there may have been an intent under Am.Sub.S.B. No. 2 to create a more expansive appellate review process, this recognition is decades late and in contravention of R.C. 2929.12 that affords discretion to the sentencing court to consider R.C. 2929.11. As the Supreme Court of Ohio has definitively established, appellate courts must defer to the sentencing court based on the unambiguous language of R.C. 2953.08(G) and R.C. 2929.12.
 
 Rahab
 
 ,
 
 150 Ohio St.3d 152
 
 ,
 
 2017-Ohio-1401
 
 ,
 
 80 N.E.3d 431
 
 , at ¶ 10. Whatever was the intent of the drafters, we are bound by the law that has developed. If the legislature took issue with the court's interpretation of R.C. 2953.08 over the years, the statute could have been amended.