[Cite as *State v. Ennis*, 2022-Ohio-687.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                No. 110287

    v.                                    :

THOMAS ENNIS,                           :

    Defendant-Appellant.         :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 10, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-650341-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Ronni Ducoff, Assistant Prosecuting Attorney, *for appellee*.

Cullen Sweeney, Cuyahoga County Public Defender, and Francis Cavallo, Assistant Public Defender, *for appellant*.

LISA B. FORBES, J.:

{¶ 1} Appellant, Thomas Ennis ("Ennis") appeals the trial court's order sentencing him to 19 and one-half years in prison following a guilty plea. After reviewing the law and pertinent facts of the case, we affirm.

## I.  Facts and Procedural History

{¶ 2}  Ennis entered a plea of guilty to two counts of sexual battery, a felony of the second degree in violation of R.C. 2907.03(A)(5); gross sexual imposition, a felony of the third degree in violation of R.C. 2907.05(A)(4); and disseminating matter harmful to juveniles, a felony of the fourth degree in violation of R.C. 2907.31(A)(3).  Those convictions are based on Ennis engaging in sexual conduct with and disseminating pornography to the daughter of his former girlfriend.  The abuse began when the victim was six years old and continued for numerous years.

{¶ 3}  Years later, after Ennis suffered two strokes, the victim's mother was "talking about having [Ennis] move into" the home she shared with her daughter, to care for him.  The victim's mother "knew something was wrong from the way [she] was acting.  She wasn't acting herself at all."  The victim's behavior "deteriorated," and she began getting into trouble at school.  Trying to understand the change in her daughter's behavior, the victim's mother asked one of the victim's friends for information.  The friend revealed the abuse.

{¶ 4}  The victim's mother confronted Ennis and he confessed.  Ennis acknowledged the sexual abuse in a subsequently recorded call.  When Ennis was asked why he stopped, he said it was because "now the victim was older and she had purple hair."

{¶ 5}  The trial court sentenced Ennis to seven years in prison on each of the sexual battery counts, four years in prison for gross sexual imposition, and 18

months in prison for disseminating matter harmful to juveniles. All sentences on all counts were ordered to be served consecutively for a total of 19 and one-half years in prison. It is from this order that Ennis appeals.

## II. Law and Analysis

{¶ 6} In his sole assignment of error, Ennis argues that the trial court erred by ordering his prison sentences to run consecutively. Specifically, he argues that there was no support in the record for the trial court's findings. We disagree.

{¶ 7} To impose consecutive prison sentences the court must make three findings: first, the court must find that consecutive sentences are "necessary to protect the public from future crime or to punish the offender." R.C. 2929.14(C)(4). Next, the court must find "that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." *Id*. Finally, the court must find that at least one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

*Id*.

{¶ 8} To make the requisite statutory findings, "'the [trial] court must note that it engaged in the analysis' and that it 'has considered the statutory criteria and specifie[d] which of the given bases warrants its decision.'" *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 26, quoting *State v. Edmonson*, 86 Ohio St.3d 324, 715 N.E.2d 131 (1999). The trial court must "incorporate its findings into its sentencing entry." *Bonnell* at ¶ 37. The trial court is not required to make a "talismanic incantation of the words of the statute." *Id.*

{¶ 9} R.C. 2953.08(G)(2), which guides our review of consecutive felony sentences, "compels appellate courts to modify or vacate sentences if they find by clear and convincing evidence that the record does not support any relevant findings under * * * (C)(4) of section 2929.14[.]" *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22; *see also State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 28; *State v. Roberts*, 2017-Ohio-9014, 101 N.E.3d 1067, ¶ 10 (8th Dist.) ("[i]f the court made the required findings in order to impose consecutive sentences, we must affirm those sentences unless we 'clearly and convincingly' find that the record does not support the court's findings," quoting R.C. 2953.08(G)(2)); *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 19 (8th Dist.).

> The statute is written in the negative; that is, an appellate court does not need to clearly and convincingly find that the record supports the findings in order to affirm, but instead must clearly and convincingly find that the record does not support the findings in order to reverse or modify a sentence.

*Roberts* at ¶ 10.

{¶ 10} In the case at hand, the trial court's journal entry includes the required findings. The trial court found "that consecutive service of the prison term is necessary to protect the public from future crime or to punish defendant[.]" Further, "the consecutive sentences are not disproportionate to the seriousness of the defendant's conduct and to the danger defendant poses to the public[.]" Finally, the court found:

> at least two of the multiple offenses were committed in this case as part of one or more courses of conduct, and the harm caused by said multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of defendant's conduct.

{¶ 11} Ennis does not dispute that the trial court made the necessary findings. Rather, he argues that the record does not support those findings.

{¶ 12} Ennis claims that the court went astray as regards the required finding that a consecutive sentence was "necessary to protect the public from future crime or to punish the offender," and that consecutive sentences are "not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." According to Ennis, the court erred in its "calculation that the public could only be protected by consecutive terms even though it claimed it possessed no ability whatsoever" to assess whether Ennis would recidivate. In support of his position that consecutive terms are not necessary to protect the public, Ennis points to the facts that he is "hobbled, aging and frail — [and] poses no significant risk to the public as a whole." He explains that none of the factors that were present at the time he committed his crimes "would likely exist again."

{¶ 13} We find that Ennis has not established that the trial court's finding that consecutive sentences are necessary to protect the public is unsupported by the record despite Ennis being 55 years old at the time of sentencing and his medical condition after suffering two strokes. This court has previously upheld the imposition of consecutive sentences after the trial court specifically found that due to the poor health and age of the offender at the time of sentencing, he was unlikely "to commit another crime." *State v. Green*, 8th Dist. Cuyahoga No. 101990, 2015-Ohio-2700, ¶ 22. This court found that "despite [the offender's] present condition, the trial court still had to consider his past conduct and the lasting impact on the victims of his crimes" and found no error in the trial court's imposition of consecutive sentences. *Id.* at ¶ 25. Similarly, here the trial court found that despite Ennis's medical condition, consecutive sentences were necessary to punish his conduct and that his actions have had a lasting impact on the victim of this case.

{¶ 14} Ennis himself describes his crimes as "egregious and deserving of punishment." He plead guilty to sexually abusing a child. Ennis's offensive conduct included inserting his fingers and crayons into the child victim's vagina. In addition, he plead guilty to showing the child a pornographic video of him engaging in a sex act with the victim's mother. The court heard the victim's mother describe the devastating impact Ennis's crimes had on the victim and the victim's family. The victim's mother explained that Ennis has "split [the victim] into pieces. She will forever have to question what her life might have been if she had never been overpowered and sexually assaulted by [Ennis]."

{¶ 15} In light of the information that was presented to the trial court, we cannot say that the record clearly and convincingly does not support the trial court's findings that consecutive sentences are necessary to protect the public. While the trial court did comment that "[t]here's no proven method of knowing whether someone will or will not recidivate," the trial court also clearly articulated that it "actually [did not] believe that that argument [was] persuasive here." Ennis's apparent lack of remorse was demonstrated by his explanation that he would no longer be attracted to the victim because she had aged and dyed her hair purple. Ennis's argument that it is not "likely" that he would find himself with the opportunity to commit these types of crimes in the future offers no guarantee it would not be possible. Accordingly, Ennis's sole assignment of error is overruled.

{¶ 16} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____

LISA B. FORBES, JUDGE

SEAN C. GALLAGHER, A.J., and
ANITA LASTER MAYS, J., CONCUR