[Cite as *State v. Francis*, 2024-Ohio-1472.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 113012 |
| v. | : | |
| RAYMOND KIRK FRANCIS, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 18, 2024

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-22-673953-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Lindsay Patton, Assistant Prosecuting Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and Francis Cavallo, Assistant Public Defender, *for appellant.*

MICHAEL JOHN RYAN, J.:

{¶ 1} In this appeal, defendant-appellant Raymond Francis challenges his sentence to a minimum of 22 years and a maximum of 27.5 years, which was rendered after he knowingly, voluntarily, and intelligently pled guilty to involuntary

manslaughter, failure to comply with the order or signal of a police officer, and grand theft. After a thorough review of the facts and pertinent law, we affirm.

{¶ 2} The record demonstrates that in June 2022, Francis fled from a corrections facility and stole a vehicle. On August 26, 2022, Francis was "joyriding" with a friend in the stolen vehicle; Francis was the driver. An Ohio State patrol trooper, who was working in Brook Park, Ohio, conducted a random license plate check on the vehicle and learned that it was stolen. The trooper initiated a traffic stop. Francis pulled over, and the passenger exited the vehicle. Francis said that he did not want to go back to jail and then fled in the vehicle, driving at a high rate of speed.

{¶ 3} The trooper decided not to engage in a high-speed pursuit of Francis. Instead, the trooper communicated with a police helicopter, who informed him of the path Francis was travelling. Air support informed the trooper that Francis was driving recklessly and had narrowly missed hitting several people. The trooper followed the path of Francis's travel as relayed to him by air support and ultimately arrived at a location on Trowbridge Avenue in Cleveland, where Francis had struck a vehicle driven by the victim in this case, 28-year-old Annelise Endres. First responders on the scene administered life-saving aid to Endres, but she had sustained extensive injuries and ultimately died as a result of them. It was estimated that Francis was driving at a speed between 70 m.p.h. to 80 m.p.h. at the time of impact with Endres's vehicle.

{¶ 4} Francis's conduct in this case constituted violations of the terms of his community-control sanctions in five other cases.[1]

{¶ 5} It was on this record that the trial court imposed a prison sentence of 15 years six months to 21 years, which included consecutive, maximum terms. Further, the trial court ordered the sentence in this case to be served consecutively to the sentence for the community control violations, for an aggregate sentence of at least 22 years and a maximum sentence of 27.5 years. Francis now presents the following two assignments of error for our review:

I. The trial court erred when it ordered consecutive sentences without support in the record for the requisite statutory findings under R.C. 2953.08(G)(2) and R.C. 2929.14(C)(4).

II. The trial court erred when it imposed maximum sentences without support in the record for the requisite statutory findings under R.C. 2953.08(G)(2) and R.C. 2929.14(C)(4).

{¶ 6} In his first assignment of error, Francis challenges the trial court's imposition of consecutive sentences.

{¶ 7} Under R.C. 2929.14(C)(4), a trial court may order prison terms to be served consecutively if it finds "the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." Further, the court must also find any of the following:

---

[1] *See* Cuyahoga C.P. Nos. CR-22-667738, CR-22-666991, CR-21-657556, CR-21-656393, and CR-20-654129.

The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

{¶ 8} The findings must be made at the sentencing hearing and incorporated into the sentencing entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37.

{¶ 9} R.C. 2953.08(G)(2), which guides our review of consecutive-felony sentences, "compels appellate courts to modify or vacate sentences if they find by clear and convincing evidence that the record does not support any relevant findings under * * * (C)(4) of section 2929.14[.]" *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22; *see also State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 28; *State v. Roberts*, 2017-Ohio-9014, 101 N.E.3d 1067, ¶ 10 (8th Dist.) ("[i]f the court made the required findings in order to impose consecutive sentences, we must affirm those sentences unless we 'clearly and convincingly' find that the record does not support the court's findings," quoting

R.C. 2953.08(G)(2)); *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 19 (8th Dist.).

{¶ 10} There are two ways a defendant can challenge consecutive sentences on appeal. First, the defendant can argue that consecutive sentences are contrary to law because the court failed to make the findings required by R.C. 2929.14(C)(4). *See* R.C. 2953.08(G)(2)(b); *State v. Reindl*, 8th Dist. Cuyahoga Nos. 109806, 109807, and 109808, 2021-Ohio-2586, ¶ 13; *State v. Nia*, 2014-Ohio-2527, 15 N.E.3d 892, ¶ 16 (8th Dist.). Second, the defendant can argue that the record "clearly and convincingly" does not support the court's findings made pursuant to R.C. 2929.14(C)(4). *See* R.C. 2953.08(G)(2)(a); *Reindl* at *id*. Francis does not contend that the trial court did not make the required statutory findings, and our review demonstrates that the court in fact did. Rather, Francis argues that the record does not support the findings. In addressing this assignment of error, we review the record and consider whether it does not support the trial court's consecutive-sentence findings. *State v. Trujillo*, 8th Dist. Cuyahoga No. 112442, 2023-Ohio-4125, ¶41, citing *State v. Gwynne*, Slip Opinion No. 2023-Ohio-3851, ¶ 5.

{¶ 11} The record demonstrates that the trial court considered the purposes and principles of sentencing under R.C. 2929.11, along with the seriousness and recidivism factors under R.C. 2929.12. The court also considered the need for deterrence, incapacitation, rehabilitation, and restitution. The court stated that "[t]his is probably one of the hardest sentencings" it has had and described the

circumstances of Francis's conduct to both the Endres and Francis families as "devastating." The court further acknowledged Francis's struggles with his mental health but noted that the court's "attempts to grant leniency based on that serious mental illness have been exhausted and wasted by" him.

{¶ 12} On this record, we are not able to say that the record "clearly and convincingly" does not support the court's findings. The record supported all the trial court's findings. Namely, that consecutive sentences were necessary to punish Francis, protect the public from future crime by him, and were not disproportionate to the conduct or danger posed by him; and further, that consecutive sentences were necessary given his past history, that his offenses were part of a course of conduct, and that a single prison term would not adequately reflect the seriousness of his conduct.

{¶ 13} The first assignment of error is overruled.

{¶ 14} In his second assignment of error, Francis challenges the imposition of maximum sentences, which were imposed on each of the counts.

{¶ 15} When reviewing felony sentences, appellate courts apply the standard of review found in R.C. 2953.08(G)(2). *Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, at ¶ 9. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it "clearly and convincingly" finds either (1) that the record does not support certain specified findings or (2) that the sentence imposed is contrary to law.

{¶ 16} "The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum * * * sentences." *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.). However, a trial court must consider the statutory criteria that apply to every felony offense, including those set out in R.C. 2929.11 and 2929.12. *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38. R.C. 2929.12(B) sets forth nine factors indicating that an offender's conduct is more serious than conduct normally constituting the offense, whereas R.C. 2929.12(C) sets forth four factors indicating that an offender's conduct is less serious than conduct normally constituting the offense. Similarly, R.C. 2929.12(D) and (E) each lists five factors that trial courts are to consider regarding an offender being more or less likely to commit future crimes.

{¶ 17} Statutory maximum sentences do not require any of the findings specified in R.C. 2953.08(G)(2). Nonetheless, the Ohio Supreme Court has found it appropriate

> for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court. That is, an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence.

*Marcum* at ¶ 23.

{¶ 18} As noted above, the trial court indicated to Francis at sentencing that it considered the R.C. 2929.11 and 2929.12 factors. The trial court was not required

to discuss the individual factors contained within the statutes, however. *See State v. Roberts*, 2d Dist. Montgomery No. 2018-CA-27, 2019-Ohio-49, ¶ 13, citing *State v. Sparks*, 2d Dist. Montgomery No. 2017-CA-95, 2018-Ohio-3298, ¶ 8. Thus, an appellate court cannot infer from a trial court's failure to discuss the specific statutory factors that it did not consider them. *Id.*

{¶ 19} Based on our review of the record, including the parties' sentencing memoranda, statements, and letters of interested persons, and the body-camera footage, we do not find that Francis' felony sentence was clearly and convincingly unsupported by the evidence.

{¶ 20} The second assignment of error is overruled.

{¶ 21} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHAEL JOHN RYAN, JUDGE

LISA B. FORBES, P.J., and
FRANK DANIEL CELEBREZZE, III, J., CONCUR