[Cite as *State v. Miller*, **2024-Ohio-2578**.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 112894 |
| v. | : | |
| ROBERT MILLER, | : | |
| Defendant-Appellant. | : | |

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** July 3, 2024

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-652565-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Megan Helton, Assistant Prosecuting Attorney, *for appellee*.

Charles A. Koenig, *for appellant*.

LISA B. FORBES, J.:

{¶ 1} Robert Miller ("Miller") appeals the trial court's journal entry sentencing him to consecutive prison sentences. After reviewing the facts of the case and pertinent law, we reverse the trial court's decision.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} This is Miller's second appeal following his convictions for gross sexual imposition and two counts of child endangering in 2022. Miller's convictions arose from his abuse of two of his daughters and the underlying facts, while not pertinent to the resolution of the present appeal, were set forth by this court in *State v. Miller*, 2023-Ohio-1141 (8th Dist.) ("*Miller I*").

{¶ 3} At Miller's original sentencing hearing, the State conceded that his two counts of child endangering merged as allied offenses. The State elected to proceed to sentencing on a second-degree felony count of child endangering, and the trial court imposed an eight-year prison term on that count, which it ordered to be served consecutively to a five-year prison term on Miller's gross-sexual-imposition charge.

{¶ 4} On direct appeal in *Miller I*, this court held that the State had failed to present sufficient evidence to support Miller's second-degree felony child-endangering conviction and modified the conviction to a first-degree misdemeanor. *Miller I* at ¶ 64. Miller's sentence on that count was vacated, and the case was remanded for the State to reelect which child endangering offense it wished the trial court to impose sentence on. As Miller's sentence for child endangering was vacated, a separate challenge Miller had brought to the trial court's consecutive-sentencing findings was rendered moot. *Miller I* at ¶ 108.

{¶ 5} On remand, the trial court conducted a de novo resentencing hearing and Miller's two counts for child endangering remained subject to merger.

However, because the original count that Miller had been sentenced under had been reduced from a second-degree felony to a first-degree misdemeanor, the State elected for him to be sentenced on the other child-endangering count, a felony of the third degree. The trial court imposed a 36-month prison term on that count and again ordered Miller's sentence for child endangering to be served consecutive to his five-year sentence for gross sexual imposition.

**{¶ 6}** At the de novo sentencing hearing, the trial court made the following findings relevant to this appeal.

> The reign of terror that you brought upon your family is striking.

> I will, as I did before, sentence you to consecutive terms here. I do find that the harm was so great or unusual that a single term of incarceration would not adequately reflect the seriousness of your conduct.

> . . .

> I do find that consecutive sentences are necessary to punish the offender and eight years is not disproportionate to the crimes you have been convicted of.

> Again, the harm was so great or unusual that a single term of three or five years did not adequately reflect the seriousness of your conduct.

**{¶ 7}** Miller appeals the trial court's sentencing entry, raising the following sole assignment of error:

> Appellant's rights under the Fifth, Eighth and Fourteenth Amendments to the United States Constitution, and Article I, Sections 9 and 16 of the Ohio Constitution were violated by the trial court imposing consecutive sentences which was contrary to law and unsupported by the record.

## II. LAW AND ANALYSIS

{¶ 8} "[T]o impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry . . . ." *State v. Bonnell*, 140 Ohio St.3d 209, ¶ 37 (2014). Pursuant to R.C. 2929.14(C)(4), the court must find that consecutive sentences are "necessary to protect the public from future crime or to punish the offender"; "not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public"; and at least one of the following three factors:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction . . ., or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

{¶ 9} A trial court is not "required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Bonnell* at ¶ 37.

**{¶ 10}** In this instance, the trial court failed to make the required finding that consecutive sentences are not disproportionate to the danger the offender poses to the public. On this point, our court has previously explained:

> While a word-for-word recitation of the language of the statute is not necessary, the proportionality finding is stated as a conjunctive phrase and the trial court is required to consider the proportionality of the sentence regarding both the seriousness of the offender's conduct and the danger the offender poses to the public. *State v. Spencer*, 8th Dist. Cuyahoga No. 101131, 2014-Ohio-5430, ¶ 8. The trial court is not permitted to impose consecutive sentences where it failed to make the mandatory finding that "consecutive sentences were not disproportionate to the seriousness of the offender's conduct and were not disproportionate to the danger the offender posed to the public." *State v. Graves*, 8th Dist. Cuyahoga No. 98559, 2013-Ohio-2197, citing *State v. Lebron*, 2012-Ohio-4156, 976 N.E.2d 945, ¶ 15 (8th Dist.).

*State v. Banks*, 2023-Ohio-4655, ¶ 14 (8th Dist.); *see also State v. Anderson*, 2024-Ohio-843 (applying *Banks* and finding that the trial court failed to make both facets of the proportionality finding).

**{¶ 11}** In reaching the conclusion that the trial court failed to make a necessary finding, we reject the State's argument that we should cobble together findings from Miller's original sentencing hearing and combine them with the findings made at his resentencing hearing to find all the needed findings in the record. Miller's sentence on the previously merged child-endangering counts was vacated in *Miller I*, and his consecutive sentences were necessarily vacated by operation of that decision. Indeed, we did not consider Miller's consecutive-sentencing challenges in *Miller I* on that basis. Our remand necessitated a de novo resentencing hearing on Miller's child-endangering counts. The incorporation of

prior consecutive-sentencing findings is incompatible with a de novo resentencing hearing that occurs after consecutive sentences have been vacated. *See State v. Huber*, 2012-Ohio-6139, ¶ 24 (8th Dist.), (*superseded by statute on other grounds*); *State v. Bolton*, 2013-Ohio-2467, ¶ 13 (8th Dist.); *State v. Crawley*, 2016-Ohio-5829, ¶ 5-6 (1st Dist.). This is particularly true when one of a defendant's underlying convictions has been reduced via modification on direct appeal and is different from the convictions the trial court had before it when it considered consecutive sentences at the original hearing.

{¶ 12} Additionally, Miller argues that the trial court failed to make the findings required under R.C. 2929.14(C)(4)(b) because the court did not state that Miller's offenses "were committed as part of one or more courses of conduct." We disagree.

{¶ 13} Our court has noted that the term "course of conduct" under R.C. 2929.14(C)(4)(b) is not legislatively defined. *State v. Squires*, 2021-Ohio-2035, ¶ 11 (8th Dist.). The *Squires* Court considered several indirect sources in an effort to define the term and noted that some connection, common scheme, or some pattern or psychological thread that ties offenses together can establish a single course of conduct. *Id*. at ¶ 11.

{¶ 14} As *Banks* noted above, a word-for-word recitation of the statutory language is not required where our court can discern that the trial court engaged in the correct analysis. Here, the trial court heard arguments from both parties at Miller's resentencing hearing about whether his offenses were committed as part of

a course of conduct. The court described Miller's conduct as a "reign of terror" that he had brought upon his family. On the above record, though the court did not use the specific language found in the statute, we can discern that the trial court engaged in the complete analysis and made the required finding under R.C. 2929.14(C)(4)(b).

{¶ 15} The trial court's imposition of consecutive sentences in this case is reversed, and this matter is remanded for the sole purpose of conducting a new sentencing hearing to address the propriety of consecutive sentences under R.C. 2929.14(C)(4). We need not reach Miller's substantive arguments pertaining to the propriety of any particular findings under R.C. 2929.14(C)(4) because complete findings have not yet been made.

{¶ 16} Appellant's assignment of error is sustained.

{¶ 17} Judgment reversed. Case is remanded to the trial court for the limited purpose of complying with the statutory language of R.C. 2929.14(C)(4).

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, JUDGE

KATHLEEN ANN KEOUGH, A.J., and
MICHELLE J. SHEEHAN, J., CONCUR