[Cite as *State v. Rolf*, 2021-Ohio-2475.]


COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Craig R. Baldwin, P.J. |
|     Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 2020 CA 00077 |
| TODD ROLF | |
|     Defendant-Appellant | O P I N IO N |


CHARACTER OF PROCEEDINGS:    Appeal from the Licking County Court of
Common Pleas, Case No. 19CR807


JUDGMENT:    Affirmed in part; Vacated in part; and
Remanded


DATE OF JUDGMENT ENTRY:    July 19, 2021


APPEARANCES:


For Plaintiff-Appellee          For Defendant-Appellant

WILLIAM C. HAYES          WILLIAM T. CRAMER
Licking County Prosecutor         470 Olde Worthington Road, Suite #200
                                Westerville, Ohio 43082
PAULA M. SAWYERS
Assistant Prosecuting Attorney
65 E. Main Street
Newark, Ohio 43055

*Hoffman, J.*

**{¶1}** Defendant-appellant Todd A. Rolf appeals his convictions and sentence entered by the Licking County Court of Common Pleas on one count of aggravated possession of controlled substances, two counts of operating a vehicle under the influence of alcohol or drugs, and one count of driving under OVI suspension, after the trial court found him guilty following its acceptance of his no contest plea. Plaintiff-appellee is the state of Ohio.

## STATEMENT OF THE CASE AND FACTS

**{¶2}** On October 10, 2019, the Licking County Grand Jury indicted Appellant on one count of aggravated possession of controlled substances (methamphetamine), in violation of R.C. 2925.11(A)(C)(1)(c), a felony of the second degree; one count of operating a vehicle under the influence of alcohol or drugs, in violation of R.C. 4511.19(A)(1)(a)(G)(1)(e), a felony of the third degree; one count of operating a vehicle under the influence of alcohol or drugs, in violation of R.C. 4511.19(A)(1)(j)(i)(iii)/(v)(iii)(II), a felony of the third degree; and one count of driving under suspension, in violation of R.C. 4510.14(A), a misdemeanor of the first degree.

**{¶3}** The trial court appointed Attorney Kristin Burkett to represent Appellant. Appellant appeared before the trial court for arraignment on December 3, 2019, and enter a plea of not guilty to the Indictment. Following a pretrial conference on January 13, 2020, the trial court issued a pretrial entry, which ordered all pretrial motions be filed on or before February 17, 2020. Appellant filed a motion to suppress. Therein, Appellant argued "the search and the seizure of the alleged contraband were illegally conducted in violation of his Ohio and United States constitutional rights to be free from unreasonable searches and seizures."

**{¶4}** The trial court conducted a suppression hearing on March 2, 2020.

**{¶5}** Ohio State Highway Patrol Trooper Jordan Daniel testified he was working on June 3, 2019, when he observed a vehicle, which was traveling north on Outville Road, make several left-of-center violations. Trooper Daniel noted he was in uniform and operating a marked cruiser with overhead lights at the time. As he continued to follow the vehicle, Trooper Daniel also observed erratic braking, weaving within its lane, and again crossing the double yellow line. Trooper Daniel initiated a traffic stop near the intersection of Outville Road and State Route 16.

**{¶6}** The trooper approached the vehicle on the driver's side and made contact with the driver, who was subsequently identified as Appellant. Trooper Daniel detected the odor of alcohol emanating from the vehicle, and noticed Appellant's eyes were red and glassy, his speech was slurred, and his movements were slow and lethargic. Trooper Daniel added Appellant's pupils remained dilated even after he moved his flashlight away from Appellant's face.

**{¶7}** Trooper Daniel asked Appellant for his license and registration. Appellant advised the trooper he did not have his license. During this interaction, Appellant began to look for the vehicle registration. Appellant had difficulty manipulating his fingers, fumbling through papers as he searched in the glove compartment. When the trooper asked Appellant if he had been drinking, Appellant responded he had had one beer six hours earlier. While Appellant was looking for the registration, Trooper Daniel noticed a styrofoam cup in the center console. When the trooper inquired as to the contents of the cup, Appellant leaned forward to block Trooper Daniel's view and asked several times, "What cup?" Appellant finally stated there was alcohol in the cup. Trooper Daniel

instructed Appellant to step out of the vehicle, explaining he wanted to ensure Appellant was safe to drive. The trooper noticed Appellant's clothing was disheveled, his pants were unbuckled and unzipped. When Appellant exited the vehicle, Trooper Daniel noticed an odor of alcohol emanating from Appellant's person.

**{¶8}** Trooper Daniel had to remind Appellant several times to follow his finger during the horizontal gaze nystagmus test. The trooper did not observe any signs of nystagmus in Appellant's eyes. The signs Appellant exhibited during the HGN correlated with alcohol or drug impairment. When asked what time he had his last drink, Appellant stated he had just taken a sip from the styrofoam cup. Dispatch provided the trooper with a LEADS check, which revealed Appellant's license was suspended. Trooper Daniel advised Appellant he could not drive because of the suspension and instructed him to telephone the owner of the vehicle. Appellant indicated his phone was dead and he was unable to contact the owner. As a result, the vehicle would be towed from the scene.

**{¶9}** Trooper Daniel placed Appellant in the back of his cruiser. The trooper then conducted an inventory of the vehicle. Trooper Daniel removed the cup from the center console and noticed it seemed heavier than the liquid he observed in it. He emptied the contents onto the ground and saw not only purple liquid, but also what appeared to be ice. Trooper Daniel continued to search the vehicle for additional alcoholic beverages. Located next to the driver's seat and the center console, he found a chunk of a white crystalized substance, which was identical to the "ice" which he found in the styrofoam cup. Trooper Daniel then had Appellant step out of the cruiser and read Appellant his Miranda rights. Trooper Daniel continued the search, finding a clear, cloudy white

substance under the driver's seat and a glass smoking pipe next to the door panel on the driver's side.

{¶10} Trooper Bell arrived at the scene to assist. Trooper Bell located a plastic bag containing more of the white crystallized substance as well as multiple opened containers of alcohol. Trooper Daniel noticed Appellant's speech became more deteriorated and lethargic. Appellant was also having a difficult time paying attention and answering questions. Trooper Daniel could still detect an odor of alcohol on Appellant's person. He again had Appellant exit the cruiser and conducted additional standardized field tests. Thereafter, Appellant was placed under arrest. The white crystallized substance was tested and found determined to be methamphetamine.

{¶11} Via Judgment Entry filed May 4, 2020, the trial court denied Appellant's motion to suppress. The trial court found Trooper Daniel possessed sufficient reasonable suspicion to stop Appellant for a traffic violation and developed sufficient probable cause to place Appellant under arrest. The trial court further found the trooper possessed sufficient probable cause to search the vehicle after finding the contraband in it. The trial court added Trooper Daniel also possessed sufficient reason to conduct an inventory search due to Appellant not being able to drive and not having a way to contact someone who could drive the vehicle.

{¶12} On October 2, 2020, Attorney Burkett filed a motion for leave to withdraw as attorney of record. The trial court granted the motion on October 5, 2020, and appointed Attorney Zachuary Meranda as counsel for Appellant. On November 23, 2020, Attorney Meranda filed a motion to suppress, arguing Trooper Daniel did not have probable cause to stop Appellant's vehicle for a marked lane violation. Via Judgment

Entry filed November 24, 2020, the trial court denied the motion, finding "[t]he exact same motion was filed on behalf of [Appellant] on January 17, 2020, and was the subject of a contested suppression hearing on March 2, 2020. A judgment entry denying the motion was filed May 4, 2020." *Id.* The trial court continued, "The same motion to suppress having already been denied, as it is the law of the lase, and therefore this most recent motion is DENIED." *Id.*

{¶13} Appellant appeared before the trial court on December 8, 2020, withdrew his former pleas of not guilty, and entered pleas of no contest. The trial court accepted Appellant's no contest pleas and found him guilty as charged. The trial court sentenced Appellant to an indeterminate prison term of three years to four and a half years on Count 1 (aggravated possession of a controlled substance); three years on Count 2 (operating a vehicle under the influence of alcohol or drugs), and 180 days on Count 4 (driving under OVI suspension).[1] The trial court ordered the sentences on Counts 1 and 2 run consecutively with each other and concurrently with the sentence on Count 4.

{¶14} It is from his convictions and sentence Appellant appeals, raising the following assignments of error:

> I. THE TRIAL COURT VIOLATED APPELLANT'S DUE PROCESS RIGHT TO BE HEARD BY REFUSING TO CONSIDER THE MERITS OF APPELLANT'S SECOND MOTION TO SUPPRESS, WHICH RAISED AN ISSUED THAT WAS NO ARGUED IN APPELLANT'S FIRST MOTION TO SUPPRESS.

---

[1] Count 2 and Count 3 (operating a vehicle under the influence of alcohol or drugs) were merged for purposes of sentencing. The state elected to have Appellant sentenced on Count 2.

II. THE TRIAL COURT ERRED BY FAILING TO MAKE THE STATUTORY FINDINGS REQUIRED TO IMPOSE CONSECUTIVE SENTENCES DURING THE SENTENCING HEARING.

III. THE TRIAL COURT ERRED BY FAILING TO SPECIFY THE LENGTH OF THE DRIVER'S LICENSE SUSPENSION DURING THE SENTENCING HEARING.

I

**{¶15}** In his first assignment of error, Appellant contends the trial court violated his due process right to be heard by refusing to consider the merits of his second motion to suppress as such raised issued not presented in his first motion to suppress.

**{¶16}** A trial court's decision denying an untimely motion to suppress will not be disturbed absent an abuse of discretion. *State v. Karns*, 80 Ohio App.3d 199, 202 (1992); *Columbus v. Koczka,* 10th Dist. No. 02AP–953, 2003–Ohio–1660, ¶ 9.

**{¶17}** In its November 24, 2020 Judgment Entry, the trial court stated:

The exact same motion was filed on behalf of [Appellant] on January 17, 2020, and was the subject of a contested suppression hearing on March 2, 2020.  A judgment entry denying the motion was filed on May 4, 2020.

The same motion to suppress having already been denied, as it is the law of the case, and therefore this most recent motion is DENIED.

**{¶18}** "[T]he law of the case applies only to final orders and not to interlocutory orders that are subject to the trial court's reconsideration." *Denuit v. Ohio St. Bd. of Pharmacy,* 2013-Ohio-2484, 994 N.E.2d 15, ¶ 19, quoting *Frazier v. Rodgers Builders,* 8th Dist. Cuyahoga No. 91987, 2010-Ohio-3058, 2010 WL 2636605, ¶ 64. "The overruling of a motion to suppress is an interlocutory order until the judgment of conviction and the judgment of sentence are filed. *State v. Dubose*, 164 Ohio App.3d 698, 2005-Ohio-6602, ¶9. Accordingly, we find the trial court was incorrect in denying Appellant's second motion to suppress on this basis. However, appellate courts review judgments, not reasons. *Mizer v. Smith,* 5th Dist. No. 09–CA–00026, 2009–Ohio–6820, at ¶ 20, citing *Agricultural Ins. Co. v. Constantine* (1944), 144 Ohio St. 275, 284, 58 N.E.2d 658. "A reviewing court is not authorized to reverse a correct judgment merely because it was reached for the wrong reason." *State v. Lozier*, 101 Ohio St.3d 161, 2004-Ohio-732, 803 N.E.2d 770, ¶ 46. We find the trial court's judgment was correct. Our reasons follow.

**{¶19}** Crim. R. 12(D) provides: " All pretrial motions except as provided in Crim. R. 7(E) and 16(M) shall be made within thirty-five days after arraignment or seven days before trial, whichever is earlier. The court in the interest of justice may extend the time for making pretrial motions."

**{¶20}** Appellant filed his second motion to suppress on November 23, 2020, which was well beyond thirty-five days after his arraignment on December 3, 2019. The appointment of new counsel two months before the scheduled trial date of December 8, 2020, did not excuse Appellant from knowledge of the facts and circumstances surrounding his case which existed well before the deadline for filing pretrial motions. Moreover, the trial court conducted a hearing on Appellant's original motion to suppress

during which the trial court fully considered the arguments asserted in his second motion to suppress.  Further, at the suppression hearing, counsel for Appellant conceded:

> Your Honor, the initial seizure is probably okay.  It's more what happens after the officer becomes involved with [Appellant].
>
> Tr. March 2, 2020 Suppression Hearing at 4.

**{¶21}** Because the trial court had conducted a suppression hearing at which Appellant conceded the validity of the stop and because the second motion was filed out of rule, we find the trial court did not abuse its discretion in failing to conduct a second hearing.[2]

**{¶22}**  Appellant's first assignment of error is overruled.

II

**{¶23}**  In his second assignment of error, Appellant maintains the trial court erred in failing to make the requisite findings to impose consecutive sentences under R.C. 2929.14(C)(4) at the sentencing hearing. We agree.

**{¶24}**  R.C. 2929.14(C)(4) provides, in pertinent part:

> If multiple prison terms are imposed on an offender for convictions of
>
> multiple offenses, the court may require the offender to serve the prison

---

[2] Appellant cites this Court's decision in *State v. Franklin*, 5th Dist. Licking No. 11–CA–128, 2012–Ohio–3089, in support of his position the officer lacked reasonable suspicion to stop Appellant because, as revealed in the cruiser video, the tires of his vehicle merely touched the center line, but did not actually cross over it.  We find *Franklin* to be distinguishable.  Unlike *Franklin*, Trooper Daniel testified he observed not only several left-of-center violations, but also erratic braking and weaving within the lane of travel.

terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶25} In *State v. Bonnell,* 140 Ohio St.3d 209, 2014–Ohio–3177, the Ohio Supreme Court held:

"In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) *at the*

*sentencing hearing* and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *Id.* at syllabus (Emphasis added.)

**{¶26}** We have reviewed the transcript of the December 8, 2020 Change of Plea and Sentencing Hearing and find the trial court did not make the requisite findings mandated by R.C. 2929.14(C)(4) and *Bonnell,* supra. Accordingly, we vacate the sentence and remand the matter to the trial court for resentencing.

**{¶27}** Appellant's second assignment of error is sustained.

III

**{¶28}** In his final assignment of error, Appellant asserts the trial court erred in failing to specify the length of his driver's license suspension at the sentencing hearing. We agree.

**{¶29}** During the Crim. R. 11 colloquy with Appellant at the Change of Plea and Sentencing Hearing on December 8, 2020, the trial court stated:

Do you understand, Mr. Rolf, that should the Court permit you to change your plea here today, should the Court then enter guilty findings, generally all that would remain to be done is to proceed with sentencing, and the maximum sentence you could receive here would consist of a sentence of 11 to 15 years at a state penitentiary, a fine of $26,000, a suspension of your driver's license, and three years of mandatory post-

release control? Do you understand that?  Tr. Dec. 8, 2020 Change of Plea

and Sentencing Hearing.

**{¶30}**  At the conclusion of the hearing, the trial court simply indicated, "I'll impose

a driver's license suspension." *Id.* at 26.  In its December 8, 2020 Judgment Entry, the

trial court imposed a lifetime driver's license suspension.

**{¶31}** We find the trial court erred in imposing a lifetime driver's license

suspension in its December 8, Judgment Entry when the court did not specify the length

of the suspension during the sentencing hearing, but merely stated it would impose a

driver's license suspension. We further find the trial court violated Appellant's Crim.R.

43(A) right to be present for sentencing and abused its discretion by ordering a driver's

license suspension in its sentencing judgment without having informed Appellant of the

duration of said suspension at the sentencing hearing. See, *State v. Wells*, 6th Dist. Wood

No. WD-19-007, 2019-Ohio-4620, ¶ 13.

**{¶32}**  Accordingly, we vacate that portion of the trial court's December 8, 2020

Judgment Entry ordering the suspension of Appellant's driver's license and remand the

matter to the trial court for resentencing.

**{¶33}**  Appellant's third assignment of error is sustained.

**{¶34}** The judgment of the Licking County Court of Common Pleas is affirmed in part, vacated in part, and remanded for further proceedings consistent with this Opinion and the law.


By: Hoffman, J.

Baldwin, P.J.  and

Wise, John, J. concur