[Cite as *State v. Patterson*, 2022-Ohio-1167.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,           :

                         No. 110424

v.                                      :

THOMAS C. PATTERSON,                    :

    Defendant-Appellant.          :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 7, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-634869-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Timothy R. Troup, Assisting Prosecuting Attorney, *for appellee*.

Timothy C. Patterson, *pro se*.

EMANUELLA D. GROVES, J.:

{¶ 1} Defendant-appellant, Thomas C. Patterson ("Patterson"), appeals the trial court's decision to resentence him without him being present. For the reasons set forth below, we affirm.

## Procedural and Factual History

{¶ 2} The procedural and factual history have been sufficiently set forth in, *State v. Patterson*, 8th Dist. Cuyahoga No. 109167, 2020-Ohio-4832, our decision regarding Patterson's direct appeal. For purposes of this appeal, we note, on December 10, 2018, a grand jury returned a ten-count indictment against Patterson for drug trafficking and other related offenses.

{¶ 3} On April 29, 2019, pursuant to a negotiated pleas agreement,

> [Patterson] retract[ed] former plea of not guilty and enter[ed] a plea of guilty to trafficking offense [R.C.] 2925.03(A)(2) [felony two] with forfeiture specification(s) ([R.C.] 2941.1417) as amended in Count(s) 1 of the indictment. [Patterson] retract[ed] former plea of not guilty and enter[ed] a plea of guilty to trafficking offense [R.C.] 2925.03A(2) [felony five] with forfeiture specification(s) ([R.C.] 2941.1417) as charged in count(s) 3 of the indictment. [Patterson] retract[ed] former plea of not guilty and enter[ed] a plea of guilty to aggravated menacing [R.C.] 2903.21 a [misdemeanor one] as charged in Count(s) 6 of the indictment. [Patterson] retract[ed] former plea of not guilty and enter[ed] a plea of guilty to driving while under the influence of alcohol or drugs ([physical control]) [R.C.] 4511.19 (A)(2)(a) [misdemeanor one] as charged in Count(s) 8 of the indictment. [Patterson] retract[ed] former plea of not guilty and enter[ed] a plea of guilty to resisting arrest [R.C.] 2921.33 a [misdemeanor two] m2 as charged in Count(s) 10 of the indictment.

*Id.* at ¶ 3.

{¶ 4} On May 23, 2019, the trial court sentenced Patterson as follows: (1) eight years on amended Count 1 and 12 months on Count 3 to run concurrently, (2) time served on Counts 6 and 8, (3) a mandatory $7,500 fine, (4) a five-year driver's license suspension that begins upon release, (5) three years of postrelease control, and (6) court costs. *Id.* at ¶ 4.

**{¶ 5}** On November 10, 2019, we granted Patterson's motion for leave to file a delayed appeal. In his direct appeal, Patterson presented four assignments of error, one of which, the second, is pertinent to the present appeal. That assignment of error stated:

> The trial court abused its discretion by imposing a mandatory $7,500 fine on Patterson when the court had been informed of Patterson's indigence and there was no evidence that Patterson would be able to pay the fine in the future. R.C. 2929.18(B)(1).

**{¶ 6}** There, we discussed Patterson's contention that the trial court erred in imposing a mandatory fine in conjunction with the third assignment of error, wherein Patterson argued his defense counsel was ineffective for failing to file a motion to avoid the imposition of the mandatory fine. In that context, we concluded that there was a reasonable probability that the trial court would have found Patterson to be indigent and unable to pay the mandatory drug fine of $7,500 had defense counsel filed the proper motion as the trial court had instructed. *Id*. at ¶ 29.

**{¶ 7}** Consequently, we remanded the matter to the trial court to conduct a hearing limited to the determination of indigency and whether the mandatory fine should be imposed. *Id*. at ¶ 31.

**{¶ 8}** On remand, on March 16, 2021, the trial court conducted a resentencing hearing. Patterson was not present at the hearing and had not waived his right to be in attendance. The trial court determined that Patterson was indigent and waived the mandatory drug fine of $7,500.

**{¶ 9}** Patterson now appeals and assigns the following sole error for review:

## Assignment of Error

The trial court abused its discretion when it held a resentencing hearing for defendant, Thomas C. Patterson, without him being physically present and/or him having waived his right to appear in person.

## Law and Analysis

{¶ 10} In the sole assignment of error, Patterson argues the trial court erred when it held the resentencing hearing without him being present. Patterson cites Crim.R. 43(A), which requires a defendant to be present at "every stage of the trial, including * * * the imposition of sentence * * *," to support his contention.

{¶ 11} Preliminarily, the Confrontation Clause of the Sixth Amendment provides that "[i]n all criminal prosecutions the accused shall enjoy the right * * * to be confronted with the witness against him." The United States Supreme Court has held that one of the most basic rights guaranteed by the Confrontation Clause is a defendant's correlative right to be present in the courtroom at every stage of the trial. *Illinois v. Allen*, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970).

{¶ 12} Moreover, Crim.R. 43(A) and Section 10, Article I of the Ohio Constitution, mandate a defendant's presence at every stage of the criminal proceedings. *Brooklyn v. Woods*, 8th Dist. Cuyahoga No. 103120, 2016-Ohio-1223, ¶ 15, citing *State v. McCollins*, 8th Dist. Cuyahoga No. 95486, 2011-Ohio-2398, ¶ 7, citing Crim.R. 43(A) and the Ohio Constitution, Article I, Section 10. ("[T]he presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only."). *Snyder v. Massachusetts*, 291 U.S. 97, 107-108, 54 S.Ct. 330, 78 L.Ed. 674 (1934).

{¶ 13} Although there is no Confrontation Clause right at sentencing, the broad scope and protection offered by Crim.R. 43 embodies the constitutional guarantee under the Confrontation Clause. *State v. Moore*, 8th Dist. Cuyahoga No. 6224, 2006-Ohio-816, ¶ 8. This court has held that "resentencing is a critical stage of criminal proceedings that triggers a defendant's right to be present under * * * Crim.R. 43." *State v. Mason*, 8th Dist. Cuyahoga No. 107447, 2019-Ohio-1773, ¶ 18.

{¶ 14} We find our decision in *State v. Jarmon*, 8th Dist. Cuyahoga No. 108248, 2020-Ohio-101, instructive to our resolution of the instant matter. Like the present matter, the appellant in *Jarmon* also argued that the trial court erred when it resentenced him without him being present. In *Jarmon*, we stated:

> In the case at hand, it is undisputed that the court resentenced Jarmon without a hearing and necessarily outside of his presence. Therefore, we find that the court erred by failing to hold a resentencing hearing at which Jarmon could have been present. However, although this is improper, Jarmon's absence may constitute harmless error when he suffers no prejudice. *See State v. Steimle*, 8th Dist. Cuyahoga No. 95076, 2011-Ohio-1071, ¶ 17 ("although the right to be present at all critical stages of a criminal trial is a fundamental right, a violation of Crim.R. 43 is not structural and can constitute harmless error where the defendant suffers no prejudice").

*Id.* at ¶ 9.

{¶ 15} Here, like *Jarmon*, although the trial court resentenced Patterson without him being present, Patterson's absence may constitute harmless error when he suffers no prejudice. *Id.* Also, like *Jarmon*, in this appeal, Patterson has not alleged that he was prejudiced by the trial court's actions. In fact, the trial court conferred a benefit on Patterson by waiving the mandatory drug fine of $7,500.

{¶ 16} Based on the foregoing, we find that the Crim.R. 43(A) violation in this case is harmless.

{¶ 17} Accordingly, we overrule the sole assignment of error.

{¶ 18} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

EMANUELLA D. GROVES, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
MICHELLE J. SHEEHAN, J., CONCUR