[Cite as *State v. McNear*, 2022-Ohio-2365.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE OF OHIO,                           :

    Plaintiff-Appellee,          :

                                                     No. 111007

    v.                                      :

D'SHAUN MCNEAR,                          :

    Defendant-Appellant.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART, VACATED IN PART,
              AND REMANDED
**RELEASED AND JOURNALIZED:** July 7, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-20-652414-A and CR-20-652415-A

---

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Mahmoud S. Awadallah, Assisting Prosecuting Attorney, *for appellee.*

Buckeye Law Office and P. Andrew Baker, *for appellant.*

CORNELIUS J. O'SULLIVAN, JR., J.:

**{¶ 1}** Defendant-appellant D'Shaun McNear appeals his multiple convictions stemming from two cases, his resulting 26-to-31-year prison sentence, and his class two lifetime driver's license suspension. After a thorough review of the law and the

facts, we affirm his conviction but remand his case for the limited purpose of resentencing him on his driver's license suspensions and for correction of the journal entries.

{¶ 2} On December 19, 2019, two days after appellant turned 15 years old, he held a 72-year-old woman at gunpoint and stole her car. The next day, he and a friend drove the stolen car to a Cleveland-area Target and held another woman at gunpoint in the store parking lot and stole her car. Appellant sped off in the newly stolen car. Two citizens, one being an off-duty police officer, followed appellant onto I-90. The police caught up to appellant as he neared the Eddy Road exit in Cleveland and activated their sirens and lights in an attempt to get appellant to pull over. Appellant exited at Eddy Road and sped through residential side streets in the cities of Cleveland and East Cleveland, reaching speeds in excess of 90 m.p.h. Appellant's spree came to a violent end when appellant swerved around an RTA bus, crossed into oncoming traffic, tried to swerve around a car, but struck it, and ran onto the sidewalk running into several children who were walking to the library. Appellant killed a 13-year-old child and severely injured an 11-year-old child. After running into the children, the car appellant was driving kept going into another intersection where it stopped, and appellant fled. He was later arrested.

{¶ 3} Appellant was boundover from juvenile court, indicted by a grand jury, and charged in two cases stemming from these incidents. In Cuyahoga C.P. No. CR-20-652414-A, appellant was charged with the following crimes:

- Count 1: murder, an unclassified felony, in violation of R.C. 2903.02(B);
- Count 2: involuntary manslaughter, felony of the first degree, in violation of R.C. 2903.04(A);
- Count 3: aggravated vehicular homicide, felony of the second degree, in violation of R.C. 2903.06(A)(2)(a);
- Count 4: aggravated robbery, felony of the first degree, in violation of R.C. 2911.01(A)(1);
- Count 5: failure to comply, felony of the third degree, in violation of R.C. 2921.331(B);
- Count 6: having weapons under disability, felony of the third degree, in violation of R.C. 2923.13(A)(1);
- Counts 7 and 8: aggravated vehicular assault, felonies of the third degree, in violation of R.C. 2903.08(A)(2)(b).

Counts 1 and 4 contained one- and three-year firearm specifications; Counts 2, 5, 7, and 8 contained one-year firearm specifications; and Counts 5 and 6 included forfeitures of a weapon.

{¶ 4} In Cuyahoga C.P. No. CR-20-652415-A, appellant was charged with the following crimes:

- Count 1: aggravated robbery, felony of the first degree, in violation of R.C. 2911.01(A)(1);
- Count 2: grand theft, felony of the fourth degree, in violation of R.C. 2913.02(A)(1);
- Count 3: theft, felony of the fifth degree, in violation of R.C. 2913.02(A)(1);
- Count 4: having weapons under disability, felony of the third degree, in violation of R.C. 2923.13(A)(1).

Count 1 contained one- and three-year firearm specifications.

{¶ 5} After pretrial negotiations, appellant entered into a plea agreement with the state of Ohio and agreed to plead guilty to the following in CR-20-652414-A:

- amended Count 1, involuntary manslaughter, felony of the first degree, in violation of R.C. 2903.04(A);
- Count 4: aggravated robbery, felony of the first degree, in violation of R.C. 2911.01,
- Count 5: failure to comply, felony of the third degree, in violation of R.C. 2921.331(B),
- Count 6: having weapons under disability, felony of the third degree, in violation of R.C. 2923.13(A)(1),
- Count 7: aggravated vehicular assault, felony of the third degree, in violation of R.C. 2903.08(A)(2)(b);
- Count 8: aggravated vehicular assault, felony of the third degree, in violation of R.C. 2903.08(A)(2)(b).

Amended Counts 1 and 4 contained three-year firearm and forfeiture of weapon specifications; Counts 5, 7, and 8 contained one-year firearm specifications; Count 6 contained a forfeiture of a weapon specification; and Counts 7 and 8 contained one-year firearm specifications.

{¶ 6} In CR-20-652415-A, appellant pled guilty to Count 1, aggravated robbery, a felony of the first degree, in violation of R.C. 2911.01(A)(1), with a three-year firearm specification.

{¶ 7} As part of the plea agreement, appellant agreed to a minimum sentence between 15 and 58 years in prison.

{¶ 8} The trial court sentenced appellant as follows. In CR-20-652414-A,

- Count 1, involuntary manslaughter, 10 years minimum with an additional indefinite 5 years plus 3 years on the firearm specification for an indefinite maximum sentence of 18 years;
- Count 4, aggravated robbery, 6 years plus 3 years on the firearm specification concurrent to Count 1;
- Count 5, failure to comply, 3 years to be served prior to and consecutive to Count 1;
- Count 6, having weapons while under disability, 36 months;
- Count 7, aggravated vehicular assault, 36 months;

- Count 8, aggravated vehicular assault, 48 months.

{¶ 9} The trial court ordered Counts 6, 7, and 8 to run concurrent to each other but consecutive to Count 1.

{¶ 10} In CR-20-652415-A, the trial court sentenced appellant to an indefinite sentence of 8 to 12 years plus 3 years for the firearm specification. The trial court ran the sentence concurrent to his sentence for CR-20-652414-A but, by operation of law, the three years for the firearm specification were to be served prior to and consecutive to the underlying sentence and also consecutive to his sentence in CR-20-652414-A.

{¶ 11} In total, appellant was sentenced to 26 to 31 years in prison. We sua sponte take note of two clerical errors in the sentencing journal entries. In the sentencing journal entry for CR-20-652414-A, the trial court stated: "The total stated prison term is 13 to 18 years at the Lorain Correctional Institution." In the sentencing journal entry for CR-20-652415-A, the trial court stated: "The total stated prison term is 15 years at the Lorain Correctional Institution." The court also imposed a lifetime class two driver's license suspension via the journal entry, which it had not imposed at the sentencing hearing.

{¶ 12} Appellant filed a notice of appeal and raises the following assignments of error:

I. The trial court erred when it sentenced defendant-appellant under the "Reagan Tokes Law."

II. The trial court erred when it convicted defendant despite its ineffective assistance of counsel.

III.  The trial court erred when it improperly imposed consecutive sentences.

IV.  The trial court erred when it violated defendant-appellant's rights under Crim.R. 43(A) to be present at sentencing insofar as it imposed a license suspension by entry only.

**Law and Analysis**

**Reagan Tokes Law**

{¶ 13} In the first assignment of error, appellant contends that the trial court erred when it imposed sentence pursuant to the Reagan Tokes Law.  He argues that this court has already determined that the law is unconstitutional in *State v. Daniel*, (8th Dist.), 2021-Ohio-1963, 173 N.E.3d 184.

{¶ 14} Appellant's arguments are overruled pursuant to this court's en banc decision in *State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536 (8th Dist.), which overruled the challenges presented in this appeal to the Reagan Tokes Law, as defined under R.C. 2901.11 and enacted through S.B. 201.  This court's decision in *Daniel* was vacated by *Delvallie*.  *Delvallie* at ¶ 103.  Therefore, we find that appellant's sentence pursuant to the Reagan Tokes Law was not a violation of his constitutional rights.

{¶ 15} Appellant's first assignment of error is overruled.

**Ineffective Assistance of Trial Counsel**

{¶ 16} In the second assignment of error, appellant contends that his counsel was ineffective for failing to properly raise his constitutional challenge to the Reagan Tokes Law.  To establish ineffective assistance of counsel, appellant must demonstrate that (1) counsel's performance was deficient and (2) the deficient

performance prejudiced the defendant so as to deprive the defendant of a fair trial. *State v. Trimble*, 122 Ohio St.3d 297, 2009-Ohio-2961, 911 N.E.2d 242, ¶ 98, citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The failure to prove either prong of this two-part test makes it unnecessary for a court to consider the other prong. *State v. Madrigal*, 87 Ohio St.3d 378, 389, 721 N.E.2d 52 (2000), citing *Strickland* at 697.

{¶ 17} A review of the record reveals that defense counsel did, in fact, object to the imposition of an indefinite sentence under the Reagan Tokes Law. Moreover, this court has held that a defense counsel's failure to object does not prejudice the defendant so as to deprive the defendant of a fair trial because the Reagan Tokes Law is constitutional. *State v. Philpot*, 8th Dist. Cuyahoga No. 110828, 2022-Ohio-1499, ¶ 33. Therefore, an appellant cannot show prejudice even if we were to assume deficient performance. *Id.* However, in this case, counsel's performance was not deficient as counsel did object to the imposition of an indefinite sentence.

{¶ 18} The second assignment of error is overruled.

**Consecutive Sentences**

{¶ 19} In the third assignment of error, appellant argues the that trial court erred when it imposed consecutive sentences.

{¶ 20} We review felony sentences under the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 9. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or otherwise modify a sentence, or vacate a sentence and remand for

resentencing if it "clearly and convincingly finds" that the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. "The statute is written in the negative; that is, an appellate court does not need to clearly and convincingly find that the record supports the findings in order to affirm, but instead must clearly and convincingly find that the record does not support the findings in order to reverse or modify a sentence." *State v. Roberts*, 2017-Ohio-9014, 101 N.E.3d 1067, ¶ 10 (8th Dist.).

{¶ 21} Under Ohio law, sentences are presumed to run concurrent to one another unless the trial court makes the required findings under R.C. 2929.14(C)(4). *State v. Reindl*, 8th Dist. Cuyahoga Nos. 109806, 109807, 109808, 2021-Ohio-2586, ¶ 14, citing *State v. Gohagan*, 8th Dist. Cuyahoga No. 107948, 2019-Ohio-4070, ¶ 28. R.C. 2929.14(C)(4) provides that the trial court can impose consecutive sentences if it finds that consecutive sentences are necessary to protect the public from future crime or to punish the offender, that such sentences would not be disproportionate to the seriousness of the conduct and to the danger the offender poses to the public, and that one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the

courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

*Id.*

{¶ 22} To make the requisite statutory findings, "'the [trial] court must note that it engaged in the analysis' and that it 'has considered the statutory criteria and specifie[d] which of the given bases warrants its decision.'" *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 26, quoting *State v. Edmonson*, 86 Ohio St.3d 324, 326, 715 N.E.2d 131 (1999). The trial court is not required to make a "talismanic incantation of the words of the statute." *Bonnell* at ¶ 37. "'Although the trial court is not required to use 'talismanic words,' it must be clear from the record that it actually made the findings required by statute.'" *State v. Tolbert*, 8th Dist. Cuyahoga No. 110249, 2022-Ohio-197, ¶ 43, quoting *State v. Lariche*, 8th Dist. Cuyahoga No. 106106, 2018-Ohio-3581, ¶ 24. The trial court must also "incorporate its findings into its sentencing entry." *Bonnell* at *id.*

{¶ 23} Appellant concedes that the trial court made the requisite statutory findings to impose consecutive sentences. He argues, however, that the record clearly and convincingly does not support those findings.

{¶ 24} A review of the record shows that the trial court considered all the statutory requirements and made the necessary findings for imposing consecutive sentences pursuant to R.C. 2929.14(C)(4). Further, the trial court's findings for

consecutive sentences are supported by the record. The trial court also included the required findings in its judgment entry pursuant to *Bonnell*.

{¶ 25} Appellant contends that his juvenile adjudications cannot be considered as part of his criminal history to justify the imposition of consecutive sentences. Contrary to appellant's claim, this court has held that "although 'a juvenile adjudication is not a conviction of a crime and should not be treated as one,' it is widely accepted that an offender's juvenile history can be used as prior criminal history for the purpose of imposing consecutive sentences." *State v. Batiste*, 2020-Ohio-3673, 154 N.E.3d 1220, ¶ 20 (8th Dist.), quoting *State v. Hand*, 149 Ohio St.3d 94, 2016-Ohio-5504, 73 N.E.3d 448, ¶ 38.

{¶ 26} Appellant pleaded guilty in two cases to multiple serious crimes that began when he used a firearm to steal a car from an elderly woman on December 19, 2019. The next day, using the stolen car, he and a juvenile codefendant held another woman at gunpoint and stole her car. After the second carjacking, the appellant led police on a high-speed chase, that culminated when he struck a vehicle while he was still traveling at a high rate of speed, then barreled into a group of children walking to the library, killing one child, and severely injuring another, and traumatizing the other children. He fled the scene and was later arrested.

{¶ 27} We have considered appellant's age at the time he committed these crimes; however, unlike the defendant in *Batiste*, appellant had a lengthy juvenile criminal history, including multiple juvenile adjudications. The prosecutor noted at sentencing:

In the few months prior to these offenses, the defendant was found delinquent of F-2 burglary, F-3 attempted burglary, F-5 receiving stolen property, and a multitude of other offenses. Also, the defendant was adjudged delinquent of an F-5 robbery, an F-3 robbery, F-4 grand theft, and an M-1 assault for an offense that occurred that morning, December 19th, 2019, just prior to the aggravated robbery * * * in Case CR-20-652415 * * *.

This defendant's criminal behavior did not stop upon these cases being bound over to this court. This defendant was also found delinquent of a third-degree felony of intimidation of a crime witness for an offense that occurred while in the juvenile detention center in January of 2021.

He was also found delinquent for unauthorized use of a motor vehicle for an offense that occurred in October of 2020 while on bond for these current offenses.

{¶ 28} Thus, in addition to the horrific crimes appellant committed in this case, he continued to commit new offenses while in the detention center and out on bond on these cases, demonstrating a complete disregard for the law.

{¶ 29} Therefore, we do not clearly and convincingly find that the record does not support the imposition of consecutive sentences.

{¶ 30} The third assignment of error is overruled.

**Right to be Present at Sentencing**

{¶ 31} In the fourth assignment of error, appellant contends that the trial court erred when it violated his Crim.R. 43(A) right to be present during sentencing because the trial court imposed a lifetime driver's license suspension via journal entry.

{¶ 32} Crim.R. 43(A) provides that a defendant must be physically present at every stage of the criminal proceeding and trial, including the imposition of sentence. Additionally, "Section 10, Article I of the Ohio Constitution, mandate a

defendant's presence at every stage of the criminal proceedings." *State v. Patterson*, 8th Dist. Cuyahoga No. 110424, 2022-Ohio-1167, ¶ 12, citing *Brooklyn v. Woods*, 8th Dist. Cuyahoga No. 103120, 2016-Ohio-1223, ¶ 15.

{¶ 33} Along those same lines, "[a] defendant is entitled to know his [or her] sentence at the sentencing hearing." *State v. Santiago*, 8th Dist. Cuyahoga No. 101640, 2015-Ohio-1824, ¶ 19. Therefore, "'[a] trial court errs when it issues a judgment entry imposing a sentence that differs from the sentence pronounced in the defendant's presence.'" *Id.* at ¶ 18, quoting *State v. Culver*, 160 Ohio App.3d 172, 2005-Ohio-1359, 826 N.E.2d 367, ¶ 70 (2d Dist.).

{¶ 34} Some Ohio courts have held that a trial court violates a defendant's "Crim.R. 43(A) right to be present for sentencing and abuse[s] its discretion by ordering a driver's license suspension in its sentencing judgment without having informed [the defendant] of the duration of said suspension at the sentencing hearing." *State v. Rolf*, 5th Dist. Licking No. 2020 CA 00077, 2021-Ohio-2475, ¶ 31; *see also State v. Wells*, 6th Dist. Wood No. WD-19-007, 2019-Ohio-4620; *State v. Smith*, 5th Dist. Stark No. 2011CA00015, 2011-Ohio-5095.

{¶ 35} As is relevant to this case, R.C. 4510.02(A)(2) provides that when a court elects or is required to suspend a defendant's driver's license, the court shall impose a definite period from the range specified for the suspension class: for a class two suspension, a definite period of three years to life.

{¶ 36} In this case, the trial court took appellant's plea and sentenced him on both cases during the same sentencing hearing. The cases, however, were not

consolidated, and the court separately sentenced appellant on each case. At no point during the sentencing hearing did the trial court mention that it would suspend appellant's driver's license.

{¶ 37} Appellant's conviction for failure to comply qualifies for a class two suspension, *see* R.C. 2921.331(E), and his convictions on two counts of aggravated vehicular assault mandate a class four suspension. *See* R.C. 2903.08(C)(3). Both convictions were in Cuyahoga C.P. No. CR-20-652414-A. The class two lifetime driver's license suspension, however, was imposed in Cuyahoga C.P. No. CR-20-652415-A.[1] In that case, appellant was convicted of aggravated robbery with a firearm pursuant to R.C. 2911.01(A)(1). R.C. 2911.01 does not mandate or allow for a class two license suspension and, as mentioned, the two cases were not consolidated; appellant was separately sentenced on each case.

{¶ 38} The state argues that even if the trial court erred in failing to impose the suspension during the sentencing hearing, appellant has failed to show he was prejudiced because "the outcome would not have been different had it been presented to the defendant during the sentencing, rather than indicated on the public record." The state does not cite any cases to support its claim.

{¶ 39} In *State v. Jarmon*, 8th Dist. Cuyahoga No. 108248, 2020-Ohio-101, the appellant argued that the trial court erred when it sentenced him in his absence. The appellant did not claim he was prejudiced by the error. This court found:

---

[1] The sentencing journal entry for CR-20-652415-A states: "Class 2 driver's license suspension" and "Lifetime suspension of driver's license."

In the case at hand, it is undisputed that the court resentenced Jarmon without a hearing and necessarily outside of his presence. Therefore, we find that the court erred by failing to hold a resentencing hearing at which Jarmon could have been present. However, although this is improper, Jarmon's absence may constitute harmless error when he suffers no prejudice. *See State v. Steimle*, 8th Dist. Cuyahoga No. 95076, 2011-Ohio-1071, ¶ 17 ("although the right to be present at all critical stages of a criminal trial is a fundamental right, a violation of Crim.R. 43 is not structural and can constitute harmless error where the defendant suffers no prejudice").

*Id.* at ¶ 9; *see also Patterson,* 8th Dist. Cuyahoga No. 110424, 2022-Ohio-1167.

**{¶ 40}** Thus, this court has found that a defendant's absence *can* constitute harmless error when the defendant suffers no prejudice. Like *Patterson* and *Jarmon*, appellant has not alleged in this appeal that he was prejudiced by the trial court's action. However, because the trial court could impose a suspension from three years to a lifetime, and imposed a lifetime suspension, we find that appellant was prejudiced by the trial court's omission. In addition, both *Jarmon* and *Patterson* are distinguishable because in both of those cases the trial court conferred a benefit on the defendant — the court in *Patterson* waived a mandatory drug fine and the court in *Jarmon* reduced the defendant's sentence by five years pursuant to a remand order. *See Patterson* at ¶ 15; *Jarmon* at ¶ 10. In this case, the trial court sentenced appellant to the maximum lifetime suspension of his driver's license.

**{¶ 41}** Based on the foregoing, we find that the Crim.R. 43(A) violation in this case was not harmless. Moreover, the suspension was improperly imposed on

a conviction for aggravated robbery. Therefore, we vacate appellant's driver's license suspension and remand the case for resentencing on the license suspension.[2]

**{¶ 42}** The fourth assignment of error is sustained.

**Sentencing Journal Entries**

**{¶ 43}** Although not raised by the parties, we note that the trial court's November 4, 2021 sentencing journal entries in CR-20-652414-A and CR-20-652415-A contain a clerical error in that the entries incorrectly state appellant's prison term. Although a trial court lacks the authority to reconsider its own valid judgments in a criminal case, clerical errors may be corrected at any time in order to conform to the transcript of the proceedings. *State v. Smith*, 8th Dist. Cuyahoga No. 109963, 2021-Ohio-3099, ¶ 14. Under the authority of Crim.R. 36, "trial courts retain continuing jurisdiction to correct these clerical errors in judgments with a nunc pro tunc entry to reflect what the court actually decided." *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 19; *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, 940 N.E.2d 924, ¶ 15; Crim.R. 36. A clerical error or mistake refers to "'a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment.'" *Zaleski* at *id*. "'Therefore, a nunc pro nunc entry may be used to correct a sentencing entry to reflect the sentence the trial court imposed upon a defendant at a sentencing

---

[2] We note that this limited resentencing may be had with minimal disruption and in conformity with Crim.R. 43 via remote contemporaneous video. *See* Crim.R. 43(A)(2).

hearing.'" *Smith* at *id.*, quoting *State v. Spears*, 8th Dist. Cuyahoga No. 94089, 2010-Ohio-2229 ¶ 10.

{¶ 44} In this case, the trial court's November 4, 2021 sentencing journal entry in CR-20-652414-A states: "The total stated prison term is 13 to 18 years at the Lorain Correctional Institution." Additionally, the trial court's November 4, 2021 sentencing journal entry in CR-20-652415-A states: "The total stated prison term is 15 years at the Lorain Correctional Institution." The record reflects, however, that the trial court sentenced appellant to an indefinite sentence of 23 to 28 years in CR-20-652414-A, and to an indefinite sentence of 11 to 15 years in CR-20-652415-A for a total sentence of 26 to 31 years in prison.

**Conclusion**

{¶ 45} Appellant's sentence was constitutional under the Reagan Tokes Law, and his counsel was not ineffective because the record reflects that counsel objected to the imposition of an indefinite sentence. Appellant's consecutive sentence is not contrary to law and there is not sufficient evidence that the record does not clearly and convincingly support his sentence. The trial court erred when it improperly sentenced appellant to a lifetime driver's license suspension for the offense of aggravated robbery and when it imposed a class two lifetime suspension outside of appellant's presence.

{¶ 46} Judgment affirmed in part, vacate in part, and remanded for the limited purpose of resentencing on the driver's license suspension and for correction of the sentencing journal entries to state the correct term of imprisonment.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

CORNELIUS J. O'SULLIVAN, JR., JUDGE

MICHELLE J. SHEEHAN, P.J., and
MARY J. BOYLE, J., CONCUR